OPINION
{¶ 1} Derryck L. Reddens was indicted for felonious assault, a second degree felony, and kidnapping, a first degree felony. Pursuant to plea negotiations, Reddens entered a plea of guilty to kidnapping, and the felonious assault charge was dismissed. The parties also agreed upon a four-year sentence, which the trial court imposed.
 {¶ 2} On appeal, Reddens complains that he was denied his due process right to the effective assistance of counsel.
 {¶ 3} This claim is based upon Reddens' assertion that his counsel failed to advise him that as a result of pleading guilty to kidnapping, he would be determined to be a sexually oriented offender. The test for ineffective assistance of counsel has been set forth in State v. Bradley
(1989), 42 Ohio St.3d 136, syllabus, paragraph 2.
 {¶ 4} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, followed)."
 {¶ 5} In our judgment, this record fails to demonstrate either prong of the Bradley test for ineffective assistance of counsel.
 {¶ 6} Assuming that defense counsel was required to advise his client that upon conviction of this kidnapping offense he would be determined to be a sexually oriented offender, there is no evidence of record that defense counsel failed to so advise Reddens. The only reference to sexually oriented offender status is contained in the following exchange at sentencing between the court, defense counsel, and the prosecutor:
 {¶ 7} "Because of the nature of the offense, the Court will order you classified as a sexually-oriented offender and any — isn't that — I think that's one of these sheets in here.
 {¶ 8} "MR. MATLOCK (defense counsel): No, no, no.
 {¶ 9} "MR. BRANDT (prosecuting attorney): Can we approach, Your Honor?
 {¶ 10} "(Discussion held off the record).
 {¶ 11} "THE COURT: All right. As I said, unless modified by the Court, by Judge Froelich, later, then the designation of sexually-oriented offender as required by the statute."
 {¶ 12} While this exchange does demonstrate the defense counsel objected to the sexually oriented offender status being applied in this case, it does not demonstrate that defense counsel failed to advise Reddens that sexually oriented offender status attached to a conviction for this offense.
 {¶ 13} Going to the second prong of the Bradley test, the record fails to demonstrate that Reddens was prejudiced by any dereliction of his counsel in failing to advise him of sexually oriented offender status.
 {¶ 14} Reddens was indicted for a first degree felony kidnapping, which carried a sentence of three to ten years, and felonious assault, a second degree felony that carried a sentence of two to eight years. The parties negotiated a four-year sentence and a dismissal of the felonious assault charge in return for Reddens' plea of guilty to kidnapping. Under these circumstances, the record fails to demonstrate that "there is a reasonable probability that, but for counsel's (alleged) unprofessional errors, the result of the proceeding would have been different."Bradley, supra, at 142, quoting Strickland v. Washington (1984),466 U.S. 668 at 694. In the context of this case, the record fails to show a reasonable probability that had Reddens known that sexually oriented offender status would apply to this conviction, he would not have entered a plea of guilty to kidnapping. To conclude otherwise would be entirely speculative, and speculation will not support a claim of prejudice. See State v. Brock (Dec. 27, 2002), Montgomery App. No. 19291;State v. Guy (Apr. 13, 1994), Clark App. No. 3064.
 {¶ 15} The record failing to demonstrate ineffective assistance of counsel, the assignment of error is overruled, and the judgment will be affirmed.
GRADY, J. and YOUNG, J., concur.