[Cite as *State v. Knight*, 2016-Ohio-7991.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :           CASE NO.   CA2016-02-028

    - vs -                                          :           O P I N I O N
                                                              12/5/2016
                                                    :

JESSE C. KNIGHT,                              :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-06-0870


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Jesse Knight, appeals his convictions in the Butler County Court of Common Pleas after pleading guilty to aggravated robbery with a firearm specification, kidnapping, and felonious assault.

{¶ 2}   Knight, along with an accomplice, robbed a Papa John's Pizza store while employees were present.   Knight and his accomplice, who were armed with a gun, demanded that employees open the cash registers.  While Knight took money from the cash

registers, Knight's accomplice duct-taped the employees and forced them into the freezer.

{¶ 3} Knight and his accomplice later removed the manager from the freezer, made the manager open the vault, and then stole money from inside the vault. After robbing the vault, Knight and his accomplice forced the manager back toward the freezer, and Knight used a gun to hit the manager on the side of the head. Knight and his accomplice also stole money and cell phones from the employees.

{¶ 4} Police arrived while Knight and his accomplice were still in the Papa John's, and the men fled when they became aware of police presence. A police dog located Knight in a water pipe near the scene of the crime where he was immediately arrested. Police also located the stolen cash and cell phones in the same pipe in which Knight was found.

{¶ 5} Knight was charged with several counts of aggravated robbery, kidnapping, and felonious assault, as well as several firearm specifications. Knight pled guilty to one count of aggravated robbery with a firearm specification, one count of kidnapping, and one count of felonious assault, and the remaining counts and specifications were dismissed. During the trial court's plea colloquy, Knight waived a recitation of the facts from the state. The trial court discussed with Knight the charges, possible sentences, and other required aspects of a plea colloquy.

{¶ 6} While Knight confirmed that he understood all the information presented, defense counsel indicated that Knight would be making an allied offense argument before sentencing. However, the trial court clearly expressed that it was not going to make an allied offense determination at the plea hearing, and that Knight was facing a possible 31-year sentence if the crimes were not allied offenses and all sentences were to run consecutive to each other. Knight indicated that he understood the sentence he was facing should the trial court not merge the convictions. The trial court ordered a presentence investigation, and set sentencing for a future date.

{¶ 7}  At sentencing, the trial court considered the presentence investigation report ("PSI"), and merged the kidnapping conviction into the aggravated robbery conviction as allied offenses.  The trial court then sentenced Knight to ten years on the aggravated robbery charge, one year on the specification, and four years on the felonious assault.  The trial court ran the sentences consecutive for an aggregate sentence of 15 years in prison.  Knight now appeals the trial court's decision not to merge the felonious assault conviction into the aggravated robbery conviction, raising the following assignment of error.

{¶ 8}  THE TRIAL COURT ERRED IN IMPOSING MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE.

{¶ 9}  Knight argues in his assignment of error that the trial court erred by not merging his convictions for felonious assault and aggravated robbery.

{¶ 10}  R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct, and provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 11}  In determining whether offenses are allied, courts are instructed to consider three separate factors:  the conduct, the animus, and the import.  *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus.  Convictions do not merge and a defendant may be sentenced for multiple offenses if *any* of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with

- 3 -

separate animus. *Id.* at ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 12} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. As a result, this analysis "may result in varying results for the same set of offenses in different cases." *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 52. When determining whether multiple offenses merge pursuant to R.C. 2941.25, a court must review the entire record. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 24. The burden is on the defendant to establish his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act. *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14.

{¶ 13} While the trial court must consider whether convictions that result from a defendant's plea must merge as allied offenses, we have "recognized the 'challenges inherent in allowing a criminal defendant to raise, on appeal, an allied offense attack to a negotiated plea because the reviewing court has a limited record of facts, if any, upon which to make an allied offenses analysis.'" *State v. Tannreuther*, 12th Dist. Butler No. CA2013-04-062, 2014-Ohio-74, ¶ 16, quoting *State v. Vitt*, 9th Dist. Medina App. No. 11CA0071-M, 2012-Ohio-4438, ¶ 10. Even when salient facts are lacking, a trial court must make an allied offenses determination, and will look to the information contained in the record to make its determination, including the indictment, bill of particulars, and the presentence investigation report ("PSI"). *See State v. Gebhardt*, 8th Dist. Cuyahoga Nos. 97865, 97866, 2013-Ohio-166 (affirming trial court's decision not to merge several counts of gross sexual imposition where the facts contained in the PSI indicated that the offenses were each committed with a separate animus); and *State v. Cisco,* 5th Dist. Delaware App. No. 13 CAA 04 0026, 2013-

Ohio-5412 (analyzing why a trial court is permitted to consider facts in the PSI when determining whether convictions should be merged as allied offenses).

{¶ 14} We note that the record in the case at bar contains limited facts to be used when conducting the necessary analysis given that Knight chose to waive a recitation of the facts by the state. Even so, the record contains sufficient facts, taken from the discussions at the plea hearing and the PSI, for us to perform a meaningful review. The record does not indicate that Knight objected to the information contained in the PSI, and again, he chose to waive the reading of facts during his plea.

{¶ 15} Within Knight's appellate brief, he quotes from portions of a transcript from his sentencing hearing. However, the record does not contain a transcript of that particular sentencing hearing. It appears that the trial court held two sentencing hearings, a second of which was conducted so that the trial court could make findings necessary for consecutive sentences. The record contains a transcript of this second hearing. However, a transcript of the main sentencing hearing, which occurred on January 21, 2016, is absent from the record. Regardless, Knight asserts in his brief that the trial court stated its intention during the January 21st hearing to not rely on any facts stated during that sentencing hearing. While Knight now asserts that the state invited an error by not giving more facts during the plea hearing and trying to supplement the record at the sentencing hearing, we remind Knight that *he* chose to waive the reading of facts during his plea hearing, and that *he* had the burden to establish that his convictions were allied offenses.

{¶ 16} Knight now argues that his convictions for felonious assault and aggravated robbery should merge because he perpetrated the crimes upon the same victim and with a single animus. The record demonstrates that the three charges to which Knight pled guilty were specific to the manager, whom Knight robbed, locked in a freezer, and later hit on the side of the head with a gun. Despite the charges being specific to one victim, however, we

find that the trial court correctly found that the two convictions should not merge.

{¶ 17} Knight was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which provides, "No person, in attempting or committing a theft offense, * * * shall do any of the following: Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Knight was also convicted of felonious assault in violation of R.C. 2903.11(A)(2), which provides, "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 18} The facts in the record, from multiple sources, indicate that Knight committed aggravated robbery while using a gun to commit a theft offense. More specifically, Knight and his accomplice removed the manager from the freezer at gun point, took him to the store's safe, and then forced the manager to open the safe. Knight and his accomplice then stole money from the safe. At that point, the aggravated robbery was complete and all elements of the offense were present. Knight then separately committed felonious assault when he caused the manager physical harm by hitting him on the side of the head with a gun, or as explained in the PSI, when he "pistol whipped" the manager in the head. Although limited, the facts show that after the aggravated robbery had already occurred, Knight and his accomplice took the manager back to the freezer. At that time, Knight used the gun to hit the manager in the head, thus causing him physical harm separate and apart from the already-completed aggravated robbery.

{¶ 19} Thus, and according to the *Ruff* standard, the conduct and harm of robbing the manager at gunpoint was separate from the conduct and harm of hitting the manager in the head with a gun. The aggravated robbery occurred when Knight used a gun while stealing money from the vault. The felonious assault occurred later when Knight hit the manager on

- 6 -

the head with a gun, which resulted in the manger being physically injured. Knight had the burden to establish that he committed aggravated robbery and felonious assault with the same conduct and animus, but failed to offer sufficient facts to demonstrate as much. Instead, the limited facts in the record indicate that the crimes were separate, and not allied offenses of similar import.

{¶ 20} Given the facts and circumstances of the case, we find that Knight separately committed aggravated robbery and felonious assault and they are not crimes of similar import. As such, the trial court was correct in not merging the convictions for sentencing purposes, and Knight's single assignment of error is overruled.

{¶ 21} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.