[Cite as *State v. Mourer*, 2023-Ohio-4431.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHELBIE MOURER, | : | Case No. CT2023-0020 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Case No.
                                    CR2022-0476

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   December 6, 2023

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RONALD L. WELCH                         RICHARD D. HIXSON
Prosecuting Attorney                    3808 James Court, Suite
Muskingum County, Ohio                  Zanesville, Ohio 43701

By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}   Shelbie Mourer appeals the decision of the Muskingum County Court of Common Pleas sentencing her to a prison term of eight to twelve years for Involuntary Manslaughter, a violation of R.C. 2903.04(A) and a First Degree Felony; Trafficking in Drugs in violation of R.C. 2925.03(A)(1) and a Fifth Degree Felony; and Tampering with Evidence, a violation of R.C. 2921.12(A)(1) and a Third Degree Felony. The State of Ohio is Appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶1}   Mourer waived indictment and a Bill of Information was filed with the trial court charging Mourer with Involuntary Manslaughter, Trafficking in a Fentanyl-Related Compound, and Tampering with Evidence. She plead not guilty on September 28, 2022 and changed her plea to guilty on October 3, 2022. Because Mourer plead guilty to the charges in a Bill of Information, the facts were not well developed in the record.  Mourer did agree that she sold drugs to the victim, that the victim consumed the drugs she provided and that he died as a direct result.  She also conceded that she deleted digital messages which disclosed that she and the victim had engaged in a conversation regarding the sale and purchase of the drugs. Sentencing was delayed for the completion of a presentence investigation.

{¶2}   Mourer appeared before the trial court on March 15, 2023 for sentencing. At the hearing, the State moved to amend the trafficking charge to substitute Cocaine for Fentanyl and the trial court granted the motion. A member of the victim's family made a statement as did Mourer.  Mourer and the state jointly recommended a six to eight year prison sentence. The trial court reviewed the material in the record including the

presentence investigation, informed Mourer of the maximum sentence for each charge and imposed an aggregate indefinite prison sentence of eight to twelve years.

{¶3}     Mourer filed an appeal and has submitted three assignments of error:

{¶4}     "I. DEFENDANT/APPELLANT'S SENTENCE IS CONTRARY TO LAW, AS THE TRIAL COURT SENTENCED DEFENDANT/APPELLANT WITHOUT CONSIDERING THE PURPOSES OF FELONY SENTENCING UNDER OHIO REVISED CODE SECTION 2929.11 OR THE SERIOUSNESS OF CRIME AND RECIDIVISM FACTORS UNDER OHIO REVISED CODE SECTION 2929.12."

{¶5}     "II. DEFENDANT/APPELLANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶6}     "III. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT/APPELLANT TO A MINIMUM SENTENCE OF EIGHT YEARS AND A MAXIMUM SENTENCE OF TWELVE YEARS ON COUNT ONE, AS NON-LIFE FELONY INDEFINITE PRISON TERMS, AS AUTHORIZED BY R.C. 2967.271, ARE UNCONSTITUTIONAL."

## STANDARD OF REVIEW

{¶7}     A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. Revised Code 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the

sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

**{¶8}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶9}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶10}** The trial court must consider the purposes and factors contained in R.C. 2929.11 and 2929.12 but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. Accord *State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14 and *State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

**{¶11}** Mourer also contends that she was prejudiced as a result of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶12}** Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, *supra* at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers. *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18." *State v. Timm,* 5th Dist. Delaware No. 21-CAA-11-0060, 2023-Ohio-3768, ¶ 29.

**{¶13}** In *Hill v. Lockhart* (1985), 474 U.S., 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, the Court noted "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As we explained in *Tollett v. Henderson,* 411 U.S. 258, 93

S.Ct. 1602, 36 L.Ed.2d 235 (1973), a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann' Id*., at 267, 93 S.Ct., at 1608." *Id.* at 56–57, 106 S.Ct. at 369.

{¶14} In other words, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart, supra*, at 370. However, a different outcome at the plea stage but for counsel's errors is constitutionally insignificant if the ultimate result that was reached was neither unfair nor unreliable. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180.

**ANALYSIS**

I.

{¶15} In her First Assignment of Error, Mourer contends that her sentence was contrary to law because the trial court sentenced her without considering the purposes of felony sentencing under R.C. 2929.11 or the seriousness of crime and recidivism factors under R.C. 2929.12. Mourer concedes that her sentence is within the statutory range and that *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in Ohio Revised Code Sections 2929.11 and 2929.12." (Appellant's Brief, p. 7). Mourer contends the trial court erred because "there is little in the record to support the contention that the trial court considered all of the factors in Sections 2929.11 and 2929 .12."

**{¶16}** This Court may modify Mourer's sentence only if it "clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." Mourer does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is otherwise contrary to law.

**{¶17}** The sentence imposed by the trial court for each charge is within the statutory guidelines and Mourer does not assert a position to the contrary. Instead, she contends that "there is a dearth of evidence in the record that the trial court considered the purposes and principles of sentencing, as required by Section 2929.11, and the factors required by Section 2929.12, prior to sentencing Defendant/Appellant on each count." (Appellant's Brief, p. 7) The Supreme Court of Ohio has made clear that R.C. 2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The Ohio Supreme Court further explained in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 10, that "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." And, the Court recently clarified the holding in *State v. Jones,* by stating: "The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. See *Jones* at ¶¶ 31, 39." *State*

*v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ⸿ 22, reconsideration denied, 167 Ohio St.3d 1484, 2022-Ohio-2765, 192 N.E.3d 515.

**{¶18}** For that reason, our authority to modify the sentence would arise only if Mourer demonstrates by clear and convincing evidence that the sentence is "otherwise contrary to law" which includes evidence that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *Id.*

**{¶19}** Mourer does not argue that the sentences were contrary to law or that the sentence was based upon impermissible considerations, but only that "there is little in the record to support the contention that the trial court considered all of the factors in Sections 2911.11 and 2929.12." In our review of the language of R.C. 2929.11 and 2929.12, we have held that:

> While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, 2021 WL 3560891, ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

*State v. Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, 2022 WL 4092532, ¶ 18.

**{¶20}** In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.) *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, 2019 WL 5092631, ¶ 17.

**{¶21}** The trial court was not obligated to describe its rational for the sentence on the record or that it had considered the factors listed in R.C. 2929.12, though the trial court did include a positive statement that it had considered "the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929,12." (Entry, March 20, 2023, p.1).

**{¶22}** We have no authority "to modify or vacate a sentence based on [our] view that the sentence is not supported by the record under 2929.11 and 2929.12," *Bryant, supra,* and the trial court is not obligated to explain its rationale. Mourer has offered no affirmative proof to show that the relevant statutory factors were not considered or that the sentence was based upon impermissible considerations. For those reasons, Mourer's First Assignment of Error is denied.

## II.

*{¶23}* In her second assignment of error, Mourer contends that her guilty plea was not knowing, intelligent, and voluntary due to the ineffective assistance of counsel. In support of this alleged error, she contends that "the record demonstrates that insufficient time was given to investigating the charges against Defendant/Appellant and evaluating

any favorable evidence or its impact on plea negotiations." (Appellant's Brief, p. 8). She explains that "if evidence were uncovered" "it is reasonable to think that Defendant/Appellant would not have entered her guilty plea." *Id.*

**{¶24}** Mourer's assertion that she was prejudiced by ineffective assistance of counsel is based upon a speculative conclusion that her trial counsel would have found something that would have led her to insist on a jury trial and not enter a guilty plea. Mourer does not point to any evidence in the record that would support her argument aside from the fact that she changed her plea to guilty shortly after she was arraigned. She also complains that her trial counsel did not request discovery, but this court has found that "it may be a sound tactical decision to forego discovery, and this is not necessarily ineffective assistance of counsel, *Kimmelman v. Morrison* (1986), 477 U.S. 365." *State v. Clawson*, 5th Dist. Morgan No. 95-27, 1996 WL 752546, *3 (Oct. 23, 1996).

**{¶25}** Mourer does not refer to any fact in the record to refute a conclusion that the lack of a request for discovery was a tactical decision.  She surmises that evidence may have been uncovered that may have led her to request a jury trial.  We are unwilling accept her speculation that her decision may have been different had trial counsel invested more time in reviewing the facts as there is nothing within the record to support that hypothesis.  Mourer's "claim with respect to both performance and prejudice rests on mere speculation, and "[s]uch speculation is insufficient to establish ineffective assistance." (Citations omitted.) *State v. Eberhardt, 5th Dist. Richland* No. 2019CA0111, 2020-Ohio-4124, ¶ 55

**{¶26}** Mourer's Second Assignment of Error is denied.

III.

**{¶27}** In her Third Assignment of Error, Mourer contends that the trial court erred when it sentenced her to a minimum sentence of eight years and a maximum sentence of twelve years on count one, as non-life felony indefinite prison terms, as authorized by R.C. 2967.271, (Reagan Tokes Law) are unconstitutional, arguing that the law violated the separation-of-powers doctrine and infringes on her right to a jury trial.

**{¶28}** Shortly after Mourer filed her brief, the Supreme Court of Ohio issued its decision in *State v. Hacker*, 2023-Ohio-2535 holding that "the Reagan Tokes Law does not violate the separation-of-powers doctrine," *Id.* at ¶25, and that the "right to a jury trial is not implicated." *Id.* at ¶28. As we are bound to follow the holdings of the Supreme Court of Ohio, we deny Mourer's Third Assignment of Error.

**{¶29}** The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.