[Cite as *State v. Williams*, 2024-Ohio-5862.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

HEZEKIAH M. WILLIAMS,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-19

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0149

**Judgment Affirmed**

**Date of Decision: December 16, 2024**

APPEARANCES:

   *Chima R. Ekeh* **for Appellant**

   *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Hezekiah M. Williams ("Williams"), appeals from the February 29, 2024 judgment of the Allen County Court of Common Pleas. Williams argues the trial court erred in his sentence, his guilty plea was not knowingly made due to ineffective assistance of counsel, and the trial court erred in failing to merge two of his convictions. For the reasons that follow, we affirm.

## I.     FACTS AND PROCEDURAL HISTORY

{¶2} Williams had a child with L.H., but they did not live with each other and were never married. Williams was upset that L.H. (allegedly) allowed other men to be in their child's presence without his knowledge. The charges against him arose from an incident involving L.H., L.H.'s father ("C.C."), and two of L.H.'s other family members ("E.C." and "J.C."). On November 19, 2022, Williams came to the home where the child and those four other individuals were present, a physical altercation between Williams and C.C. ensued, Williams pulled a gun from his waistband, and Williams took the child from the home.

{¶3} On May 11, 2023, Williams was indicted on seven counts. Count one charged him with aggravated burglary, in violation of R.C. 2911.11(A)(2), with a firearm specification pursuant to R.C. 2941.145(A). Counts two, three, four, and five each charged him with felonious assault, in violation of R.C. 2903.11(A)(2), with accompanying firearm specifications pursuant to R.C. 2941.145(A). Those four counts were identically worded and tracked the language of the felonious

assault statute. Count six charged Williams with having weapons while under disability, in violation of R.C. 2923.13(A)(2), along with a specification for forfeiture of the gun pursuant to R.C. 2941.1417(A). Count seven charged him with domestic violence, in violation of R.C. 2919.25(A). Thus, Williams was charged with a first-degree felony (count one), four second-degree felonies (counts two through five), a third-degree felony (count six), and a first-degree misdemeanor (count seven). Based on our review of the record, Williams never requested a Bill of Particulars.

{¶4} On January 22, 2024, the trial court held a change of plea hearing. At the hearing, the trial court explained to Williams that if he pled guilty to the aggravated burglary charge (count one) and its firearm specification, then he would receive a mandatory sentence on the aggravated burglary conviction. For example, the following exchange took place:

> THE COURT: So for count one, you could receive a prison sentence, or I should say you will receive a prison sentence of anywhere from three years up to possibly eleven years. Whatever I give you on that charge becomes your, uh, what they call a minimum sentence, because you could receive up to sixteen and a half years on that and I'll explain that in just a moment, um, on that charge, and you could be fined up to $20,000.00. Because that has a firearm specification, the firearm specification requires that I sentence you to prison for at least three years on that. So you have to get at least three years on your firearm specification and at least three years on count one which would all be mandatory time. Do you understand that?
>
> MR. WILLIAMS: Yes, ma'am.

(Jan. 22, 2024 Tr. at 4-5). Additionally, the written Negotiated Plea of Guilty, which Williams signed, specified that Williams understood count one carried a mandatory sentence by pleading guilty to count one and its firearm specification. At the end of the hearing, Williams withdrew his former pleas of not guilty and tendered guilty pleas on count one and its firearm specification, count two, and count seven. The remaining counts and specifications were dismissed, pursuant to the negotiated plea. The trial court accepted the guilty pleas, ordered a presentence investigation, and set the case for sentencing.

{¶5} On February 29, 2024, the trial court held a sentencing hearing. The trial court explained that it had received the presentence investigation report ("PSI") and victim impact statements from two of the victims. Williams' counsel argued that count one and count two should merge. Based on facts set forth in the PSI and by counsel during the sentencing hearing, the trial court decided that none of the three counts merged. The trial court then imposed the following sentence: mandatory 10 years (minimum) to 15 years (maximum) in prison for count one, plus an additional mandatory three years for the firearm specification; a non-mandatory five years in prison for count two; and 180 days in prison for count seven. The trial court ordered the terms to be served concurrently, other than the consecutive term for the firearm specification. Thus, Williams was sentenced to an aggregate term of 13 years (minimum) to 18 years (maximum) in prison. This appeal followed.

-4-

## II.   ASSIGNMENTS OF ERROR

**{¶6}** Williams raises three assignments of error for our review:

### First Assignment of Error

**The trial court erred in sentencing Defendant-Appellant to a mandatory term of imprisonment on the aggravated burglary conviction. (Tr. pg. 37, tab 14-21).**

### Second Assignment of Error

**Appellant's guilty plea was not knowingly, intelligently, and voluntarily made due to ineffective assistance of counsel, in violation of his right to same, under the Ohio Constitution and the United States Constitution.**

### Third Assignment of Error

**The trial court committed error when it failed to merge Williams' convictions of aggravated burglary and felonious assault as required by R.C. 2941.25. (Tr. pg. 38, tab 6-7).**

## III.   DISCUSSION

### A.   First Assignment of Error

**{¶7}** In the first assignment of error, Williams argues his sentence to a mandatory prison term on the aggravated burglary conviction is contrary to law. In making this argument, he concedes the trial court followed the binding precedent of this Court in imposing a mandatory sentence on the aggravated burglary conviction pursuant to *State v. Wolfe*, 2022-Ohio-96 (3d Dist.) and reaffirmed in *State v. Peters*, 2023-Ohio-4362 (3d Dist.). (Appellant's Brief at 5). He asks us to reconsider our holdings in those two cases. We decline to do so. Williams pleaded guilty to aggravated burglary in violation of R.C. 2911.11(A)(2)—a first-degree felony—and

to its accompanying firearm specification. The trial court did not err in following precedent and imposing a mandatory prison term for the felony aggravated burglary conviction. *Wolfe* at ¶ 24-25; *Peters* at ¶ 85 ("R.C. 2929.13(F)(8) obligates the trial court to impose a mandatory prison term for any felony (except carrying concealed weapons) where the offender had or controlled a firearm when committing that offense").

{¶8} Williams' first assignment of error is overruled.

### B.    Second Assignment of Error

{¶9} In the second assignment of error, Williams insists his guilty plea was not knowingly, intelligently, and voluntarily made due to ineffective assistance of counsel. He identifies five alleged failures of trial counsel, which we address below.

#### 1.    Standard of Review and Applicable Law

{¶10} To establish ineffective assistance of counsel, the appellant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Tench*, 2018-Ohio-5205, ¶ 264; *see also State v. Drain*, 2022-Ohio-3697, ¶ 36 (involving ineffectiveness of counsel in context of a plea). Thus, an "appellate court does not need to consider the facts of the case under both prongs if the appellant makes an insufficient showing on one." *State v. Shoaf*, 2022-Ohio-3605, ¶ 49 (3d Dist.). "Ineffective assistance of counsel can affect the voluntariness

of a guilty or no-contest plea when 'a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel.'" (Emphasis deleted.) *Drain* at ¶ 37, quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

{¶11} Regarding the first requirement, "[i]n order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment." *State v. Houston*, 2010-Ohio-6070, ¶ 35 (3d Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *Id.*, citing *State v. Sallie*, 81 Ohio St.3d 673, 675, 1998-Ohio-343 (1998). "[T]he errors complained of must amount to a substantial violation of counsel's essential duties to [the] client." *Id.* at ¶ 36. In the context of pleas, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill* at 56, quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *see also Drain* at ¶ 37.

{¶12} Regarding the second requirement, "[p]rejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Houston* at ¶ 36, quoting *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59; *see also Drain* at ¶ 38.

### 2. Analysis

{¶13} First, Williams alleges his trial counsel failed to advise him that his plea to aggravated burglary with a firearm specification carried a mandatory sentence on the aggravated burglary. However, there is no evidence of record that his counsel failed to advise Williams about this. *State v. Reddens*, 2003-Ohio-5412, ¶ 1-3, 6, 12 (2d Dist.) (record failed to demonstrate ineffective assistance of counsel where defendant pled guilty and claimed his counsel failed to advise him that he would be deemed a sexually-oriented offender upon conviction but there was "no evidence of record that defense counsel failed to so advise" the defendant). Regardless, even if counsel failed to advise him, Williams' assertion that there was a reasonable probability he would not have pled guilty if he had received such advice is pure speculation with no cited support. *Id.* at ¶ 14 (record also failed to show a reasonable probability that, had defendant known a sexually-oriented offender status would apply to his conviction, he would not have pled guilty; "[t]o conclude otherwise would be entirely speculative, and speculation will not support a claim of prejudice"); *see also Lee v. U.S.*, 582 U.S. 357, 369 (2017) ("[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," but instead should "look to contemporaneous evidence to substantiate a defendant's expressed preferences").

Indeed, the record indicates there was no such "reasonable probability" because the trial court informed Williams of the mandatory sentencing requirement at the plea hearing, Williams said he understood it, and he still proceeded with his guilty plea. *See State v. Romero*, 2019-Ohio-1839, ¶ 20-21 (judicial advisements during a plea colloquy are not a substitute for effective assistance of counsel and, therefore, are irrelevant to the first prong of an ineffective assistance of counsel claim, but they may be relevant to the second prong in showing whether prejudice occurred).

{¶14} The second alleged failure by Williams' trial counsel was not objecting to the mandatory term of imprisonment for the aggravated burglary conviction, thus forcing a review under the plain-error standard. However, as shown in our analysis of the first assignment of error, this court's precedent was clear at the time of sentencing. Thus, a different standard of review would not have affected the outcome regardless of whether Williams' counsel objected. *E.g., State v. Perin*, 2019-Ohio-4817, ¶ 4 (4th Dist.) ("[b]ecause the trial court complied with Crim.R. 11(E), any objection to the plea colloquy would have been futile").

{¶15} Third, Williams claims his counsel advised him after the sentencing that the trial court's sentence was contrary to law but, failed to advise him to withdraw his pleas after sentencing. (Appellant's Brief at 9). Once again, Williams does not cite any support for his assertions about his counsel's advice or lack thereof. Yet, even if the assertions are true, he concedes "that the trial court followed the binding precedent of this Court in imposing a mandatory sentence on

the aggravated burglary conviction pursuant to" *Wolfe* and *Peters*. (*Id*. at 5). There is no support for his contention that he would have filed a motion to withdraw his guilty pleas if counsel had so advised him or that the hypothetical motion would have been successful. *See Reddens*, 2003-Ohio-5412, at ¶ 14 (2d Dist.).

{¶16} The fourth alleged failure by Williams' trial counsel was not obtaining a bill of particulars prior to advising him to take a plea deal. Williams claims that, "[i]n a case where multiple offenses and victims were alleged, a bill of particulars is *necessary* in crafting a defense." (Emphasis added.) (Appellant's Brief at 9). He also claims a bill of particulars would have forced the State to identify "the predicate offenses for the aggravated burglary with particularity, such that it would have aided him in making an informed choice of going to trial" or entering a plea. (*Id.* at 10).

{¶17} The Rules of Criminal Procedure allow a defendant to request a bill of particulars. Crim.R. 7(E). Upon receiving a valid, timely request, "the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense." *Id.*; *see also* R.C. 2941.07. "A bill of particulars may be amended at any time subject to such conditions as justice requires." Crim.R. 7(E).

{¶18} "'A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Haynes*, 2022-Ohio-4473, ¶ 23, quoting *State v. Sellards*, 17 Ohio St.3d 169, 171 (1985). "'A bill of particulars is not designed to provide the accused with

specifications of evidence or to serve as a substitute for discovery.'" *Id.* "Not every case requires a bill of particulars," and "a defendant is free to decide not to request a bill of particulars." *Id.* at ¶ 26.

{¶19} Williams has not shown the failure to obtain a bill of particulars in this case amounted to a substantial violation of counsel's essential duties to him. As further shown in our analysis of the third assignment of error, it is not necessarily true—and Williams has not shown—that his counsel needed a bill of particulars in order to adequately advise him to take a plea deal. We also note that Williams was potentially facing significantly more prison time had he gone to trial on the charges in the indictment.

{¶20} Additionally, Williams has not satisfied the "prejudice" requirement. Particularly given the relatively limited purpose of a bill of particulars, the additional information he could have reasonably expected from a bill of particulars in this case, and the underlying facts, Williams has not shown there is a reasonable probability that, but for the alleged unprofessional error, he would not have pleaded guilty and would have insisted on going to trial. *See State v. Choudri*, 2023-Ohio-4476, ¶ 38 (3d Dist.) (defendant was not prejudiced by an alleged lack of clarity and specificity in the bill of particulars where defendant failed to show how knowledge of certain facts omitted from the bill of particulars would have changed her defense).

{¶21} Fifth, Williams faults his trial counsel for allegedly not interviewing any of the "multiple witnesses to the event," prior to advising him to take a plea

deal. (Appellant's Brief at 10). "[W]here the alleged error of counsel is a failure to investigate . . . , the determination whether the error 'prejudiced' the defendant" "will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

**{¶22}** Williams claims that had counsel interviewed various witnesses (who he does not identify) "counsel would have found inconsistencies in their stories, and perhaps could have challenged" their stories "through a motion in limine, or at the minimum used that to negotiate a better plea deal." (Appellant's Brief at 10). We find these claims to be pure speculation. The record does not establish whether counsel did, or did not, interview witnesses. Further, even if counsel had interviewed witnesses and found inconsistencies in their statements, there is not a reasonable probability that Williams would have insisted on going to trial. Once again, Williams has not met the requirements to establish ineffective assistance of counsel. *See State v. Mourer*, 2023-Ohio-4431, ¶ 24-26 (5th Dist.) (rejecting defendant's assertion her guilty plea was not made knowingly due to counsel's ineffective investigation, where defendant's assertion was "based upon a speculative conclusion that her trial counsel would have found something that would have led her to insist on a jury trial and not enter a guilty plea").

**{¶23}** Williams' second assignment of error is overruled.

### C. Third Assignment of Error

**{¶24}** In the third assignment of error, Williams claims that the trial court erred by not merging his convictions of aggravated burglary and felonious assault, pursuant to R.C. 2941.25. He argues the two offenses were of similar import, were committed together, and had no separate animus or motivation (specifically, that his single criminal motive was to enter "the victim's" home to commit felonious assault). (Appellant's Brief at 13).

#### 1. Applicable Law

**{¶25}** "We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6. "Merger is a sentencing question, not an additional burden of proof shouldered by the state at trial." *State v. Washington*, 2013-Ohio-4982, ¶ 18. The defendant bears the burden of establishing he or she is entitled to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act. *Id.*

**{¶26}** When a defendant's conduct supports multiple offenses, courts apply the allied offenses analysis in R.C. 2941.25 to determine if the offenses merge or if the defendant may be convicted of separate offenses. *State v. Cass*, 2024-Ohio-2614, ¶ 19 (3d Dist.). The statute states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. The Supreme Court of Ohio clarified certain aspects of this statute in *State v. Ruff*, 2015-Ohio-995. The court's syllabus held:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at syllabus.

{¶27} "The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *Id*. at ¶ 26. Additionally, "[w]hen deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus." *State v. Washington*, 2013-Ohio-4982, syllabus. The indictment and PSI are among those items in the record for a

-14-

court to consider in making a merger determination. *E.g., State v. Vanausdal*, 2016-Ohio-7735, ¶ 7 (3d Dist.). "A defendant's plea to multiple counts does not affect the court's duty to merge . . . allied counts at sentencing." *State v. Underwood*, 2010-Ohio-1, ¶ 26; *see also State v. Knight*, 2016-Ohio-7991, ¶ 13 (12th Dist.) (recognizing the challenges inherent in reviewing "an allied offense attack to a negotiated plea because the reviewing court has a limited record of facts, if any, upon which to make an allied offenses analysis").

{¶28} Williams contends his convictions for aggravated burglary and felonious assault should merge. The aggravated burglary statute provides, in relevant part, that "[n]o person, by force . . . , shall trespass in an occupied structure . . . when another person . . . is present, with purpose to commit in the structure . . . any criminal offense, if . . . [t]he offender has a deadly weapon . . . on or about the offender's person or under the offender's control." R.C. 2911.11(A)(2). The felonious assault statute provides, in relevant part, that "[n]o person shall knowingly . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2).

### 2. Analysis

{¶29} At the sentencing hearing, Williams' counsel argued that counts one and two should merge. Specifically, he said:

> [A]ggravated burglary and felonious assault and the nature of the felonious assault, if *State v. Ruff*['s] offenses merge[d], then certainly, surely here in *State v. Williams* the offenses would merge; therefore,

> I would respectfully ask for the minimum sentence considering how young he is . . .

(Feb. 29, 2024 Tr. at 3-4).

**{¶30}** The information presented to the trial court, including statements in the PSI, supported the conviction for aggravated burglary separate from the offense of felonious assault. From the information before the trial court at the time of sentencing it is evident that Williams was unhappy because he believed L.H. was allowing other men to be around their young child. On November 19, 2022, Williams came to the home where the child, L.H., C.C., E.C., and J.C. were all present. Williams had a gun in his waistband. He entered the home, hit L.H., got into a physical fight with C.C., pulled the gun from his waistband, and pointed the gun at L.H., C.C., and E.C. When J.C. opened a door to the room where Williams was present, Williams pointed the gun at him. Williams subsequently left with the child. The record supported that Williams committed aggravated burglary when he entered the home, without a privilege to do so, and struck C.C. (a predicate criminal offense of assault) while having the firearm in his waistband; he committed felonious assault when he pointed the gun at the various persons in the residence.

**{¶31}** We find that Williams failed to meet his burden of establishing he was entitled to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act. Based on the evidence in the record, the conduct constituted offenses of dissimilar import, namely Williams' conduct constituted

offenses involving multiple separate victims. R.C. 2941.25(B); *Ruff*, 2015-Ohio-995, at syllabus. Further, the aggravated burglary was completed before the felonious assault. Thus, the offenses were committed separately. *Id*.; *see also State v. Potts*, 2016-Ohio-5555, ¶ 98 (3d Dist.) (a court may end its analysis upon an affirmative response to any of the three factors—import, conduct, or animus).

{¶32} Therefore, for multiple independent reasons, the trial court did not err in deciding Williams' convictions do not merge. *See, e.g., State v. Gebhardt*, 2013-Ohio-166, ¶ 4, 12, 16 (8th Dist.) (where defendant pled guilty to multiple counts he believed merged, and despite the indictment and bill of particulars failing to distinguish conduct or temporal differences for those counts, the PSI—which contained the victim's recitation of various instances of abuse—supported a finding that the offenses were not allied offenses of similar import); *Potts*, 2016-Ohio-5555, at ¶ 98 (3d Dist.); *Cass*, 2024-Ohio-2614, at ¶ 24 (3d Dist.).

{¶33} Williams' third assignment of error is overruled.

## IV. CONCLUSION

For the foregoing reasons, Williams' assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, J., concurs.**

**WALDICK, J., dissents.**

For the reasons set forth in my dissenting opinion in *State v. Peters*, 2023-Ohio-4362 (3d Dist.), I respectfully dissent in the disposition of the first assignment of error. I would sustain the first assignment of error, reverse the sentence imposed by the trial court, and remand the case for further proceedings.

**/jlm**